IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GAIL CLAYTON, THOMAS )
CLAYTON, )
                                            Plaintiffs, )
v. )      1:11CV818
)
SUNTRUST BANK, and )
ALAN E. FERGUSON, )
)
                                            Defendants.[1] )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case involves a state court foreclosure and sale of commercial property and is presently before the Court on several motions. SunTrust Bank has filed a Motion to Remand [Doc. #8], and a Renewed Motion to Remand [Doc. #35]. SunTrust Bank and Alan E. Ferguson have filed a Motion to Dismiss [Doc. #7], and a Renewed Motion to Dismiss [Doc. #33]. Gail Clayton and Thomas Clayton ("the Claytons") have filed a Motion for Preliminary Injunction [Doc. #1], a Motion for Summary Judgment [Doc. #22], a Motion for Hearing [Doc. #23], and a Motion to Vacate Foreclosure [Doc. #29]. For the reasons stated herein, the Court recommends that SunTrust Bank's Motion to Remand and Renewed Motion to Remand [Doc. #8, #35] be granted and that all remaining motions be denied.

---

[1] The caption in this case reflects the caption set out by Gail Clayton and Thomas Clayton in their initial filing with this Court [Doc. #1]. However, as noted herein, and as clarified by the Claytons in their subsequent filing three days later [Doc. #5], this action is a removal of a state court action in which SunTrust Bank is the Plaintiff, and Gail and Thomas Clayton are the Defendants.

## FACTS, CLAIMS, AND PROCEDURAL HISTORY

The Claytons filed this action captioned originally as a "Civil Complaint" and "Petition for Injunction to Prevent Fraudulent Sale of Commercial Property." (Pls.' Compl. [Doc. #1] at 1.) In that document, the Claytons requested an injunction under the All Writs Act, 28 U.S.C. § 1651(a) (2006), "to prevent the judgment of a state superior court (Alamance County General Court of Justice Superior Court Division . . .) from being executed since major fraud has been occasioned." (Id.) The filing attached state court documents from Alamance County Superior Court Case Number 10CvS3146. Three days later, the Claytons filed a document captioned as an "Amended Civil Complaint" and "Removal to Federal Court" raising the same contentions, but specifically requesting "[p]ursuant to 28 U.S.C.A. § 1446(d)" that "this pending superior court case be removed to the United States District Court, Middle District of North Carolina." The Claytons also filed with the state court a Notice of Removal of Pending State Court Proceedings to Federal Court.

The state court action that the Claytson seek to remove (Alamance County Superior Court Case Number 10CvS3146) is an action brought by SunTrust Bank, as successor to Central Carolina Bank, against Thomas and Gail Clayton for Breach of Promissory Note and Breach of Equity Line of Credit relating to commercial property at 2006 Maple Avenue in Burlington, North Carolina. That property was also subject to a foreclosure proceeding in state court, and in their filings in this case, the Claytons also refer to the state foreclosure action and name as a party Alan E. Ferguson, the Substitute Trustee in the foreclosure action.

DISCUSSION

SunTrust Bank has filed a Motion to Remand and Renewed Motion to Remand, seeking to remand the case back to state court for lack of subject matter jurisdiction.[2] In general, civil actions may be removed only if the federal court has original jurisdiction over the claims. 28 U.S.C. § 1441(a) ("[A]ny civil action . . . of which the district courts of the United States have original jurisdiction, may be removed"). The burden of showing that the Court possesses jurisdiction supporting removal is on the removing party. McPhatter v. Sweitzer, 401 F. Supp. 2d 468, 472 (M.D.N.C. 2005). The Court strictly construes removal jurisdiction, and Section 1447(c) states in part that if at any time it appears that the district court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C.A. § 1447(c) (West 2006 & Supp. 2012).

In this case, the Claytons contend that "federal question" jurisdiction exists. Under 28 U.S.C. § 1331 (2006), "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Here, the state action sought to be removed raises only state law claims for alleged breach of a promissory note and alleged breach of an equity line of credit deed of trust. The related action is a foreclosure action which

---

[2] SunTrust Bank has also moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). (Defs.' Mot. to Dismiss [Doc. #7]; Renewed Mot. to Dismiss [Doc. #33].) SunTrust argues, among other bases for dismissal, that this Court lacks subject matter jurisdiction over this case. However, because the Claytons have filed this case as an attempted removal of the pending state court actions, the Court first considers the Motion to Remand.

arises under state law, not federal law. See Rogers Townsend & Thomas PC v. Boehm, No. 1:12CV163, 2012 WL 3155581 (W.D.N.C. August 2, 2012); City of Durham v. Wadsworth, 1:08CV425, 2009 WL 186174 (M.D.N.C. Jan. 23, 2009). The attempt by the Claytons to raise as a defense an alleged violation of their right to due process under the Fourteenth Amendment is insufficient to confer federal question jurisdiction. In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006) ("[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question."); see also Pinney v. Nokia, Inc., 402 F.3d 430, 442-48 (4th Cir. 2005) (finding that plaintiffs' allegation that Nokia engaged in fraud by misleading and misinforming the public as to the safety of wireless telephones did not present issue of federal law); Miller v. Long, 152 F.2d 196 (4th Cir. 1945) (finding no federal jurisdiction in a case where the plaintiff claimed that a note and mortgage should be declared null and void because the defendant procured his signature on the mortgage and note by fraud). In addition, to the extent that the Claytons contend that jurisdiction exists pursuant to the All Writs Act, the Supreme Court has held that the All Writs Act, 28 U.S.C. § 1651(a), does not confer original jurisdiction on the federal courts. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33-34 (2002) ("Because the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to [28 U.S.C.] § 1441.") Because the Court does not have subject matter jurisdiction, this action should be remanded to the Alamance County Superior Court pursuant to 28 U.S.C. § 1447(c).

Having concluded that this Court lacks subject matter jurisdiction in this action and that the case should be remanded to state court, all remaining pending motions should be denied.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that SunTrust Bank's Motion to Remand and Renewed Motion to Remand [Doc. #8, #35] be granted and that this action be remanded to Alamance County, North Carolina, Superior Court.

IT IS FURTHER RECOMMENDED that the Motion to Dismiss [Doc. #7] and Renewed Motion to Dismiss [Doc. #33] be denied as moot.

IT IS FURTHER RECOMMENDED that the Motion for Preliminary Injunction [Doc. #1], Motion for Summary Judgment [Doc. #22], and Motion to Vacate [Doc. #29] filed by Gail Clayton and Thomas Clayton be denied without prejudice in light of the remand.

IT IS ORDERED that the Motion for Hearing [Doc. #23] is DENIED.

This, the 12th day of September, 2012.

                                                /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge